FILED
2013 APR 25 P 1:09

United States District Court
of Connecticut

Quincy Leach · Civil Action 3:13 CV 599 (SRU)

v.

City of Stamford; P.O. Mulhall
P.O. Vossler, P.O. Dogali, P.O. Kilcoyne · Dated 4-15-13
Sgt. Moran, P.O. Presti, P.O. Thomas

## COMPLAINT

Count 1 (42 U.S.C § 1983 Claim Against Police officers Mulhall, Vossler, Dogali, Kilcoyne Individually for Excessive and unreasonable Force in violation of the Fourth Amendment):

1.) This is an action for monetary damages and other relief arising from the serious personal injuries suffered by plaintiff, Quincy Leach, while he was being arrested and in the custody of the City of Stamford Police Department as a pretrial detainee.

2.) This Court has jurisdiction over the claims set out in Count II, Count III, Count IV, Count V and Count VI of this complaint pursuant to 28 U.S.C. § 1367.

3.) This Court has jurisdiction over the claims set out in Count 1, Count 7, Count 8 of this Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.) Venue is properly laid in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) because all of the events giving rise to the plaintiff's claims occurred in the District

pg 2

4.) of Connecticut.

5.) At all times mentioned herein, the defendant, City of Stamford was a municipal corporation in the State of Connecticut and it maintained a police department which had the purpose of providing safety, security, order and protection for the residents of Stamford, Connecticut.

6.) At all times mentioned herein, the defendants, Police officers Mulhall, Vossler, Dogali, Kilcoyne, Presti, Thomas and Sgt. Moran, was employed by the City of Stamford Police Department, and was acting in the performance of there duties and/or within the scope of there employment, with all the duties, responsibilities and privileges thereto.

1.) ON 11-28-2010/ November 28 2010 I Quincy Leach was out with my wife Kimberly Leach and friends celebrating thanksgiving weekend at our regular hangout spot, the Elks hall located on 33 mission street, Stamford,
2.) Connecticut. My wife was sexually assaulted by another female, my wife pushed her away, but the other female became extremely violent toward my wife and others. I along with the security guards began to separate my wife and the
3.) violent women. I then felt it was best to leave and get my tramatized wife home.

pg.3

4.) While making my way through the parking lot officer Mulhall #2434 grabbed me from behind and flung me into the wall, when I asked the P.O. Mulhall what was going on, he began to bang my head up against the wall with
5.) his forearm causing me great pain. At that time other patrons started yelling at P.O. Mulhall to stop. More people came out of the bar there were maybe 100 people in the lot at this time. The officer then let me off the wall, I could see that officer
6.) Mulhall was overly aggressive from the way he flung me into the wall, I decided for my safety it was best for me to keep my hands up so that P.O. Mulhall could see that he had my full cooperation. At the same time P.O. Vossler
7.) approached my wife, P.O. Mulhall began telling me how Kim fit a description of the person they were looking for. The next thing I knew, I saw was P.O. Vossler picking up my wife over his head and slamming her with all his might to the
8.) ground. My wife went down P.O. Vossler picked her back up to slam her again which he did. By the 3rd time I yelled at P.O. Vossler to stop hurting my wife. I was worried he would end up killing her. The P.O. Vossler ignored my pleas and continued to assault my wife, with P.O. Mulhall standing
9.) to my right, I asked P.O. Mulhall are you going to just stand there and let him hurt my wife. P.O. Mulhall came out of a deep trance and immediately began to punch me on my face right between my eyes making me stumble
10.) backwards. I tried to gain my composure, but P.O. Mulhall followed up with more punches to my head

pg 4

11. and face area. At the time my wife was face down not moving, P.O. Vossler and P.O. Mulhall were both attacking me now about 30 people out of the crowd started to surround us yelling at the officers to stop beating me.

12.) I heard a woman call my name and say that she thinks they killed my wife. I then felt more blows from P.O. Mulhall and Vossler to my head and body, I went down, at least four cops were kicking and punching me while I was on the ground.

13.) I heard P.O. Vossler yell to P.O. presti to arrest my wife, that's when Police officers Vossler and Mulhall pulled my arms apart and P.O. Dogali punched me in the face then they cuffed me up.

14.) At the stanford police department I asked Sgt. Moran for Medical attention, he refused saying a snowman had a better chance in hell, then I did of getting medical attention. I was then placed in a dirty cell that had

15.) urine and feces everywhere, it also had someones bloody t-shirt and dirty towel on the floor, along with old food trays left behind from the last person who was in the cell. I couldn't deal with being in such a

16.) nasty cell so I flooded it in order to get moved. But they moved me to another dirty cell that also had feces and urine all over the walls and floors it also had no toilet or sink. After being in this cell for some

17.) time P.O. Kilcoyne came in and said I was going to the hospital for mental health issues.

p5

18.) He put me in full restraints cuffed from behind and made sure I was secured. He then began to bang my head on the brick wall, then he and Sgt. Moran walked me to the police car. P.O. Kilcoyne pulled the chain on my shackles so I would fall on my face which I did hitting
19.) my face and head on the inner door frame of the cop car. Sgt. Moran then pulled me up and help place me in a sitting position in the police car. P.O. Kilcoyne then transported me to the Stanford hospital. Once I was cuffed to the bed, P.O. Kilcoyne came up to me in a fit of rage and
20.) started strangling me with both hands. I asked the medical personel for medical attention but P.O. Kilcoyne told them not to give me any I was fine. Shortly thereafter I was transported back to the same city cell P.O. Kilcoyne had taken me out of. I needed to use the bathroom
21.) badly, so I asked one of the male officers who was checking up on me, he said use it by your face you fucking animal. I was then forced to use the hole in the floor were the toilet once was. I needed toilet paper to properly wipe myself so I asked a female officer that
22.) came by she ignored me they forced me to sit in my feces for 24 hours, when they came to get me for court they then gave me toilet paper this gave me a painful rash. I went to court with bruises and welts all over
23.) my face and body. Because of this incident I have been wrongfully incarcerated, lost my job and

p56

24.) apartment. This incident has destroyed my marriage that was once a happy marriage. I am suffering this has caused emotional and mental suffering that is still going on to this day.

25.) The injuries and losses suffered by the plaintiff were caused by the unconstitutional acts of the individual defendants. Police officers Mulhall, Vossler, Dogali, Kilcoyne, in that they utilized excessive and unreasonable force and Police officers Mulhall, Vossler, Dogali, Presti were all at the scene during the attack, had a realistic opportunity to intervene,

26.) and failed to do so, all in violation of the fourth amendment to the United States Constitution.

Sgt. Moran, P.O. Presti, P.O. Thomas and P.O. Kilcoyne were all deliberately indifferent towards my medical needs and my health and safety by repeatly refusing to give me medical attention for my injuries and by placing me in a filthy cell

27.) As a result of the aforementioned unconstitutional acts of the defendants herein, actionable pursuant to 42 U.S.C § 1983, the plaintiff sustained serious personal injuries including multiple lacerations and contusions about his head and body;

28.) From all of the aforesaid injuries or effects thereof, And the other violations to his health and safety, the plaintiff has suffered and will suffer great pain, emotional trauma and mental anguish, some or all of which injuries or the effects

29.) thereof are or are likely to be permanent.

p57

30.) As a result of this incident, the plaintiff's enjoyment of life and his participation in life's activities has been impaired and curtailed.

Count II ( Against Police officers Mulhall, Vossler, Dogali, Kilcoyne individually for intentional Assault and Battery)

1.-20. Paragraphs 1.-20 of Count 1 are realleged herein.

21.) The individual defendant, P.O. Mulhall willfully and maliciously punched, kicked and slammed the plaintiff, thereby causing the plaintiff to suffer serious personal injuries.

22.) The individual defendant, P.O. Vossler willfully and maliciously punched, kicked and slammed the plaintiff, thereby causing the plaintiff to suffer serious personal injuries.

23.) The individual defendant, P.O. Dogali willfully and maliciously punched the plaintiff, thereby causing the plaintiff to suffer serious personal injuries.

24.) The individual defendant Kilcoyne willfully and maliciously slammed and strangled the plaintiff in full restraints, thereby causing the plaintiff to suffer serious personal injuries.

25.) As a proximate and foreseeable result of the defendants' willful and malicious conduct, the plaintiff sustained the damages set forth in Count 1.

Count III (Against Police officers Mulhall, Vossler, Dogali, Kilcoyne, Individually for Reckless Assault and Battery)

1.-20. Paragraphs 1.-20 of Count 1 are realleged herein.

pg 8     Count III Continued

21) The individual defendant, P.O. Mulhall, wantonly and with reckless disregard of the just rights or safety of the plaintiff or of the consequences of his actions punched, kicked and slammed the plaintiff, thereby causing the plaintiff to suffer serious personal injuries.

22) The individual defendant, P.O. Vossler, wantonly and with reckless disregard of the just rights or safety of the plaintiff or of the consequences of his actions punched, kicked, and slammed the plaintiff, thereby causing the plaintiff to suffer serious personal injuries.

23) The individual defendant, P.O. Dogali, wantonly and with reckless disregard of the just rights or safety of the plaintiff or of the consequences of his actions punched the plaintiff, thereby causing the plaintiff to suffer serious personal injuries.

24) The individual defendant, P.O. Kilcoyne, wantonly and with reckless disregard of the just rights or safety of the plaintiff or of the consequences of his actions skinning and strangling the plaintiff in full restraints, thereby causing the plaintiff to suffer serious personal injuries.

25) As a proximate and foreseeable result of the defendants' wanton and reckless conduct, the plaintiff sustained the damages set forth in Count I.

Count IV ( Against Police officers Mulhall, Vossler, Dogali, Kilcoyne, Individually For Negligent Assault and Battery)

1-20 Paragraphs 1.-20. of Count I are realleged herein.

21.) The individual defendant, P.O. Vossler negligently and carelessly punched, kicked and slammed the plaintiff, thereby causing the plaintiff to suffer serious personal injuries.

22.) The individual defendant, P.O. Mulhall negligently and carelessly punched, kicked and slammed the plaintiff, thereby causing the plaintiff to suffer serious personal injuries.

23.) The individual defendant P.O. Dogali negligently and carelessly punched the plaintiff, thereby causing the plaintiff to suffer serious personal injuries.

24.) The individual defendant, P.O. Kilcoyne negligently and carelessly slammed and strangled the plaintiff in full restraints, thereby causing the plaintiff to suffer serious personal injuries.

25.) As a proximate and foreseeable result of the defendants' negligence and carelessness, the plaintiff sustained the damages set forth in Count I.

Count V ( Against Defendant City of Stamford Pursuant to C.G.S. § 52-557n(a)(1)(A)

1-25 Paragraphs 1.-25. of Count IV are realleged herein.

26.) The defendant, City of Stamford, is liable for damages to the plaintiff pursuant to General Statutes § 52-557n(a)(1)(A) for the negligent acts or omissions of it's agents, apparent agents or other employees who were acting

pg 10

**Count V Continued**

26. within the scope of their employment or official duties at the time of this event.

**Count VI (Against Defendant City of Stamford for Negligence)**

1.-20. Paragraphs 1.-20 of Count IV are realleged herein.

21.) The defendant, City of Stamford, upon information and belief and the opportunity for further discovery, negligently trained, supervised and employed the individual defendants, Police officers Mulhall, Vossler, Dogali, Kilcoyne, Sgt. Moran, P.O. Presti, P.O. Thomas.

22.) As a proximate and foreseeable result of the defendants negligence and carelessness, the plaintiff sustained the damages set forth in Count 1.

**Count 7 (Deliberate indifference towards The Plaintiffs medical Needs. Against Sgt. Moran, P.O. Presti, P.O. Thomas, P.O. Kilcoyne)**

1.-20. Paragraphs 1-20. of Count 1 are realleged herein.

21.) The plaintiff asked Sgt. Moran, P.O. Presti, P.O. Thomas, P.O. Kilcoyne for medical attention they all refused him and were aware that the plaintiff needed medical attention.

**Count 8 (Deliberate indifference towards the plaintiffs Health and Safety against Sgt. Moran, P.O. Presti, P.O. Thomas, P.O. Kilcoyne)**

1.-22 Paragraphs 1.-22 of Count 1 are realleged herein.

Police officers Moran, Presti, Thomas, Kilcoyne either placed or knew plaintiff was in a filthy cell putting his health and safety at risk.

pg 11

WHEREFORE, The Plaintiff Claims:
1.) Money damages and any and all additional damages as are proper, including but not limited to, punitive damages pursuant to the Common Law, punitive damages pursuant to 42 U.S.C. § 1983 and attorney's fees pursuant to 42 U.S.C. § 1988.

## Jury Trial Demand

The plaintiff demands trial by jury on all claims.

The Plaintiff
print Quincy Leach
cheshire CT 900 Highland Ave
cheshire CT 06410

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.
Executed at cheshire CT, 06410 on 4-15-13.

respectfully submitted:
Signed Quincy Leach
Quincy Leach

## DISPLAY TRUST ACCOUNTS - (OTIDTACC)

ID# 0000332346    BKG# 3    NAME LEACH, QUINCY

### Trust Summary

Account Balances: 48.18    0.00

| Date | Locn | Type | Transaction Description | Amount | Current | Hold |
|---|---|---|---|---|---|---|
| 12/31/2012 | CTDOC | REG | Copies 141 | <3.25> | 48.18 | 0.00 |
| 12/31/2012 | CTDOC | REG | CRS SAL ORD #9240297 D1 | <22.65> | 51.43 | 0.00 |
| 12/18/2012 | CTDOC | REG | CRS SAL ORD #9212504 D1 | <4.81> | 74.08 | 0.00 |
| 12/10/2012 | CTDOC | REG | CRS SAL ORD #9195689 D1 | <23.49> | 78.89 | 0.00 |
| 11/30/2012 | CTDOC | REG | WUINTERF: TXN_TRACE 1233573745062018, | 40.00 | 102.38 | 0.00 |
| 11/23/2012 | CTDOC | REG | CRS SAL ORD #9156896D2 | <1.11> | 62.38 | 0.00 |
| 11/15/2012 | CTDOC | REG | CRS SAL ORD #9140763D2 | <35.60> | 63.49 | 0.00 |
| 11/15/2012 | CTDOC | REG | CSR SAL ORD #9113467 | 7.90 | 99.09 | 0.00 |
| 11/06/2012 | CTDOC | REG | CRS SAL ORD #9113467 D1 | <7.90> | 91.19 | 0.00 |
| 11/02/2012 | CTDOC | REG | Med Sick Fee 141 10/19/12 | <3.00> | 99.09 | 0.00 |
| 11/01/2012 | CTDOC | REG | WUINTERF: TXN_TRACE 1230671781600006, | 60.00 | 102.09 | 0.00 |
| 10/15/2012 | CTDOC | REG | CRS SAL ORD #9070834 D1 | <24.77> | 42.09 | 0.00 |
| 10/01/2012 | CTDOC | REG | WUINTERF: TXN_TRACE 1227577524713199, | 30.00 | 66.86 | 0.00 |

Previous Page

## DISPLAY TRUST ACCOUNTS - (OTIDTACC)

ID# 0000332346    BKG# 3    NAME LEACH, QUINCY

### Trust Summary

| | | | | Account Balances | 1.01 | 0.00 |
|---|---|---|---|---|---|---|
| Date | Locn | Type | Transaction Description | Amount | Current | Hold |
| 04/18/2013 | CTDOC | REG | CRS SAL ORD #9477018 D2 | <15.16> | 1.01 | 0.00 |
| 04/11/2013 | CTDOC | REG | CRS SAL ORD #9461739 D2 | <10.50> | 16.17 | 0.00 |
| 03/18/2013 | CTDOC | REG | CRS SAL ORD #9405215 D1 | <5.13> | 26.67 | 0.00 |
| 03/11/2013 | CTDOC | REG | CRS SAL ORD #9388273 D1 | <18.06> | 31.80 | 0.00 |
| 03/08/2013 | CTDOC | REG | Postage 141 | <1.12> | 49.86 | 0.00 |
| 02/19/2013 | CTDOC | REG | CRS SAL ORD #9342063 D1 | <15.05> | 50.98 | 0.00 |
| 02/11/2013 | CTDOC | REG | CRS SAL ORD #9326455 D1 | <24.22> | 66.03 | 0.00 |
| 01/31/2013 | CTDOC | REG | WUINTERF: TXN_TRACE 1303174178691174, | 50.00 | 90.25 | 0.00 |
| 01/14/2013 | CTDOC | REG | CRS SAL ORD #9267672 D1 | <7.93> | 40.25 | 0.00 |
| 12/31/2012 | CTDOC | REG | Copies 141 | <3.25> | 48.18 | 0.00 |
| 12/31/2012 | CTDOC | REG | CRS SAL ORD #9240297 D1 | <22.65> | 51.43 | 0.00 |
| 12/18/2012 | CTDOC | REG | CRS SAL ORD #9212504 D1 | <4.81> | 74.08 | 0.00 |
| 12/10/2012 | CTDOC | REG | CRS SAL ORD #9195689 D1 | <23.49> | 78.89 | 0.00 |

Previous Page